# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**WEISSINGER NEWBERRY, III**   PLAINTIFF

V.   NO. 3:16-CV-143-DMB-RP

**JOHN W. CHAMPION,**
**PATRICK STEVEN JUBERA, and**
**STATE OF MISSISSIPPI**   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Alleging that he was wrongfully incarcerated for approximately two years due to his wrongful conviction on drug possession charges, Weissenger Newberry, III sued John W. Champion, Patrick Steven Jubera, and the State of Mississippi, seeking damages for, among other things, lost wages and profits, emotional anguish, medical expenses, legal fees, and pain and suffering, as well as punitive damages. Doc. #2. Before the Court are the motion to dismiss filed by Champion and Jubera, Doc. #4; and the motion to dismiss filed by the State of Mississippi, Doc. #9.

## I
## Procedural Background

On May 2, 2016, Newberry, proceeding pro se, filed a verified "Complaint for Damages" in the Circuit Court of Desoto County, Mississippi, against Champion and Jubera ("Individual Defendants"),[1] and the State of Mississippi. Doc. #2. Newberry asserted federal and state claims arising out of his indictment, conviction, and resulting imprisonment in 2012 for driving under the influence, possession of marijuana, and possession of cocaine, and his subsequent retrial and partial acquittals in 2015. *Id*. Specifically, Newberry asserts three causes of action: (1) "Violation of Civil Rights [42 U.S.C. §1983];" (2) "Conspiracy to Violate Civil Rights;" and (3) "False Arrest and

---

[1] Champion and Jubera are alleged to be, respectively, "the Chief Prosecutor of Desoto County" and "the Assistant District Attorney of Desoto County." Doc. #2 at ¶¶ 3, 3.1. Paragraph 26 of the complaint refers to unnamed "doe" defendants who are state "judicial officers" but no such persons are named as parties.

Imprisonment."[2] *Id*. at 5–6. On June 24, 2016, the Individual Defendants removed the state action to this Court, invoking federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. Doc. #1. The State did not join in the removal.[3]

On June 27, 2016, the Individual Defendants filed a motion to dismiss, citing Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. #4; Doc. #5 at 2. On July 18, 2016, Newberry filed a response in opposition. Doc. #7. That same day, the State filed a motion to dismiss, also citing Rule 12(b)(1). Doc. #9; Doc. #10 at 2.[4] On July 25, 2016, the Individual Defendants replied in support of their motion, Doc. #11; and, on August 1, 2016, Newberry responded in opposition to the State's motion, Doc. #12. The State replied in support of its motion on August 3, 2016. Doc. #13. Newberry then filed two unauthorized sur-replies—one on August 10, 2016, to the Individual Defendants' motion; and another on August 18, 2016, to the State's motion. Doc. #14; Doc. #15.[5]

## II
## Standards

### A. Lack of Subject Matter Jurisdiction

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to

---

[2] The body of Newberry's complaint specifically asserts three causes of action. However, the document begins with the following unexplained list:

1. Violation of Civil Rights
2. Conspiracy to Violate Civil Rights
3. False Arrest & Imprisonment
4. Assault
5. Battery
6. Intentional Infliction of Emotional Distress
7. Civil Rights Act §1983

Doc. #2 at 1.

[3] In its brief, the State represents that "[i]t is unclear whether Plaintiff served the State of Mississippi, or served the State properly pursuant to Miss. R. Civ. P. 4(d)(5) as no return of service was filed in the state court before removal or in the federal court after removal." Doc. #10 at 1 n.1.

[4] In violation of this Court's local rules, the motions of both the State and the Individual Defendants contain legal citation and argument. *See* L.U. Civ. R. 7(b)(2)(B) ("Other than discovery motions under Rule 37, a motion … may not contain legal argument or citations to case law or other secondary authority.").

[5] The Federal Rules of Civil Procedure do not expressly provide for the filing of sur-replies. Because Newberry did not seek leave to file these sur-replies, they will not be considered by the Court in evaluating the instant motions to dismiss.

2

challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Because sovereign immunity deprives the [federal] court of jurisdiction, … claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996).

A court may dismiss for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) (quoting *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011)). "[A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action." *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. May 1981). Rather,

> [w]here the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court … is to find that jurisdiction exists and … force[ the defendant] to proceed under Rule 12(b)(6) … or Rule 56 … both of which place greater restrictions on the district court's discretion.

*Id.* at 415. "The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial." *Id.* at 416.

### B. Failure to State a Claim

A properly stated claim must comply with Federal Rule of Civil Procedure 8(a)(2) and the standard governing Rule 12(b)(6). Claims subject to a non-jurisdictional immunity defense, such as qualified or prosecutorial immunity, may be dismissed for failure to state a claim. *Moore v. Miss. Gaming Comm'n*, No. 1:15-CV-13, 2016 WL 5477673, at *3 (N.D. Miss. Sept. 29, 2016) (citing *Loupe v. O'Bannon*, 824 F.3d 534, 536 (5th Cir. 2016)).

3

### 1. Rule 8(a)(2)

Complaints violating Rule 8(a)(2) are called "shotgun complaints" and are "subject to dismissal under Rule 12(b)(6)." *Griffin v. HSBC Mortg. Servs., Inc.*, No. 4:14-CV-00132, 2015 WL 4041657, at *5 (N.D. Miss. July 1, 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail … to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

> There are four types of complaints that come into conflict with Rule 8(a)(2):
>
> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type … is a complaint that … [is] replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (footnotes and citations omitted).

### 2. Rule 12(b)(6) Standard

Under the Rule 12(b)(6) standard, "the complaint 'does not need detailed factual allegations,' but it must provide the plaintiff's grounds for entitlement to relief." *Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015) (quoting *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015)). But, because Rule 8(a)(2) requires notice to the defendant, for a claim to survive under the Rule 12(b)(6) standard, it must also include factual allegations that, when assumed to be true, "raise a right to relief above the speculative level." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 319 (3d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In addition, a claim may also be dismissed if a "successful affirmative defense appears

on the face of the pleadings." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 274 (5th Cir. 2015). Under these standards, "a plaintiff seeking to overcome" a defense of immunity to suit "must plead specific facts that … allow the court to draw the reasonable inference that … defeat[s]" the defense. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (regarding qualified immunity). Though "the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question," a plaintiff nevertheless must "plead with specificity when absolute immunity is asserted, just as with qualified immunity." *Cole v. Carson*, 802 F.3d 752, 776 (5th Cir. 2015), *cert. granted and judgment vacated sub nom. on other grounds*, *Hunter v. Cole*, 137 S. Ct. 497 (2016).[6]

## III
## State's Motion to Dismiss

Seeking a dismissal with prejudice, the State asserts as grounds for its motion that all claims against it are barred by Eleventh Amendment immunity.[7]

The Eleventh Amendment protects a state's sovereign immunity from suit and liability on both federal and state causes of action in any federal court. *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 252–53 (5th Cir. 2005). An assertion of Eleventh Amendment immunity must be addressed before the merits of a complaint. *United States v. Tex. Tech Univ.*, 171 F.3d 279, 288 (5th Cir. 1999),

---

[6] *See also Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("We conclude that the district court did not err in granting the motion to dismiss based upon absolute prosecutorial immunity."); *Goins v. City of Sansom Park*, 637 F. App'x 838, 839 & n.1 (5th Cir. 2016) (affirming grant of motion to dismiss based on prosecutorial immunity).

[7] In its motion and initial brief, the State cites a district court case stating that 42 U.S.C. § 1983 permits no cause of action against a state; however, it did so in support of its argument that all claims against it are barred by Eleventh Amendment immunity. Doc. #9 ¶ 6; Doc. #10 at 4–5. Eleventh Amendment immunity is a defense distinct from the capacity of a state to be sued under a "particular" cause of action. *Alexander v. Desoto Cty. Soil & Water Conservation Dist.*, No. 3:15-CV-179, 2016 WL 4508254, at *2 (N.D. Miss. Aug. 26, 2016) (citing *Vt. Agency of Nat'l Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 779 (2000)). Consequently, the latter issue is waived for the purpose of the instant motion, and the Court proceeds to review the issue of Eleventh Amendment immunity. *See Stevens*, 529 U.S. at 779 (emphasis added) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612 (1997)) ("*When these two questions are at issue* … the statutory question [is] 'logically antecedent to the existence of' the Eleventh Amendment question …."). In its reply brief, the State expands on whether 42 U.S.C. § 1983 authorizes a suit against a state; however, it does so within the context of a narrow sub-issue within Eleventh Amendment immunity—whether the State can waive its forum immunity but retain its liability immunity under the Eleventh Amendment. Doc. #13 at 7–8. However, that issue is not present here because, as explained below, the State never waived its forum immunity.

5

*abrogated on other grounds by Vt. Agency of Nat'l Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 779–80 (2000). However, whether a "particular statutory cause of action … itself *permits*"[8] the action to be asserted against a state should be considered before "inquiring into any Eleventh Amendment immunity."[9]

The reach of the Eleventh Amendment is subject to three exceptions. The first two are consent to suit in federal court by the State and valid abrogation of Eleventh Amendment immunity by the United States Congress. *Green v. Mansour*, 474 U.S. 64, 68 (1985). Additionally, under the *Ex Parte Young* doctrine, "a federal court … may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan*, 440 U.S. 332, 337 (1979). When Eleventh Amendment immunity is asserted through Rule 12(b)(1), the burden is on the party asserting an exception to the reach of the Eleventh Amendment to persuade the Court that it applies. *Moore*, 2016 WL 5477673, at *5 (citing *Ramming*, 281 F.3d at 161 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.")).

The State did not join in the removal of Newberry's state action to this Court; thus, the State did not consent to suit in federal court. Moreover, Eleventh Amendment immunity is not abrogated by either 42 U.S.C. §§ 1983[10] or 1985,[11] and *Ex Parte Young* is inapplicable to a state.[12] Accordingly, no exceptions to the reach of the Eleventh Amendment apply, and there is no federal

---

[8] *Stevens*, 529 U.S. at 779.

[9] *U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 402 n.3 (5th Cir. 2004) (citing *Stevens*, 529 U.S. at 779–80).

[10] *Edelman v. Jordan*, 415 U.S. 651, 676–77 (1974).

[11] *Price v. Shorty*, 632 Fed. App'x 211, 212 (5th Cir. 2016); *Early v. S. Univ. & Agric. & Mech. Coll. Bd. of Supervisors*, 252 F. App'x 698, 700 (5th Cir. 2007); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998). The Court construes Newberry's claim for "Conspiracy to Violate Civil Rights" as asserted under 42 U.S.C. § 1985. *See, e.g., Smart v. United States*, EP–10–CV–253–PRM, 2010 WL 4929107, at *10 n.8 (W.D. Tex. Nov. 30, 2010) (construing conspiracy claim as brought under § 1985).

[12] *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

jurisdiction whatsoever over the claims against the State. *Tex. Tech*, 171 F.3d at 281 (holding absent exceptions, Eleventh Amendment precludes federal jurisdiction). Consequently, the State's motion to dismiss based on Eleventh Amendment immunity will be granted and the State will be dismissed from this case. However, such dismissal may only be without prejudice because where the Eleventh Amendment deprives the federal courts of jurisdiction to hear a suit against a state, the suit can be dismissed "only under Rule 12(b)(1) and not with prejudice." *Warnock*, 88 F.3d at 343 (reversing and remanding for dismissal without prejudice of official capacity 42 U.S.C. § 1983 claims barred by Eleventh Amendment forum immunity).

## IV
## Individual Defendants' Motion to Dismiss

Also seeking dismissal with prejudice, the Individual Defendants assert three grounds. Against all official capacity claims, the Individual Defendants argue that they are not "persons" within the meaning of 42 U.S.C. § 1983 and that Newberry's claims are barred by Eleventh Amendment immunity. Against the individual capacity federal claims, the Individual Defendants assert absolute prosecutorial immunity. Newberry's complaint does not specify the capacity in which he names his defendants but he concedes in his motion response that against the Individual Defendants, he brings no official capacity claims. Doc. #7 at 5. Thus, Eleventh Amendment immunity and the statutory meaning of "person" are inapplicable to the Individual Defendants' motion to dismiss.

As relevant to the individual capacity claims, the Individual Defendants raise the defense of absolute prosecutorial immunity. The motion does not specify whether this dismissal is sought under Rule 12(b)(1) or Rule 12(b)(6). However, a Rule 12(b)(1) challenge to subject matter jurisdiction is a procedurally improper vehicle for seeking dismissal based on absolute prosecutorial immunity because Newberry's individual capacity claims asserted through 42 U.S.C. §§ 1983 and 1985 are not

7

"clearly immaterial or insubstantial." Rather, Newberry's allegations that the Individual Defendants "entered into an agreement for the purpose of conspiring to violate the Constitutional rights of the plaintiff," Doc. #2 at ¶ 29, bring his complaint within the federal question jurisdiction of the federal district courts under 28 U.S.C. § 1331. *See Myles v. United States*, 416 F.3d 551, 554 (7th Cir. 2005) (28 U.S.C. § 1331 supplies district courts with original jurisdiction over 42 U.S.C. § 1983 actions).

Because the Court concludes that it has jurisdiction over the claims brought against the Individual Defendants, the proper course, therefore, is to construe the Individual Defendants' arguments regarding prosecutorial immunity to be made under Rule 12(b)(6). *See Young v. City of Hous.*, 599 F. App'x 553, 554 & n.1 (5th Cir. 2015) (finding no error in reviewing 12(b)(1) motion under 12(b)(6) standard when district court properly asserted jurisdiction); *Aldridge v. United States*, No. 7:06-CV-0050, 2006 WL 2423417, at *1 n.2 (N.D. Tex. Aug. 22, 2006) ("Although the Government moves to dismiss pursuant to 12(b)(1), the Court construes this motion pursuant to 12(b)(6), a more appropriate vehicle for a res judicata claim."). Accordingly, the Individual Defendants' motion to dismiss may not be granted as a challenge to subject matter jurisdiction. Thus, the Court applies the standard for failure to state a claim to Newberry's claims against the Individual Defendants.

### A. Federal Claims

A prosecutor is absolutely immune from an individual capacity civil suit under 42 U.S.C. §§ 1983 and 1985 arising out of the prosecutor's performance of certain functions. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993); *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003). These functions include "initiating the prosecution and … carrying the case through the judicial process." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994).

Newberry specifically refers to conduct attributable to the Individual Defendants in only one paragraph of his complaint. Doc. #2 at ¶ 7. There, he alleges that an indictment was filed against

him. It is beyond dispute that obtaining an indictment is initiating a criminal case and thus shielded under absolute prosecutorial immunity. Moreover, obtaining a prison sentence after conviction is obviously carrying a case through the judicial process and thus likewise immune. Prosecutorial immunity bars Newberry's claims premised on these acts.

Beyond the prosecution-based claims, Newberry alleges only that the defendants "direct[ed] or participat[ed] in his unlawful arrest" and furthered a conspiracy to deprive him of his constitutional rights by "encourag[ing], authoriz[ing], ratify[ing] and/or condon[ing]" unspecified acts. *Id.* at ¶¶ 29–30. However, Newberry alleges neither an unlawful arrest nor any specific acts of the Individual Defendants that he claims directed, encouraged, authorized, ratified, or condoned a violation of his civil rights. Furthermore, even if Newberry had alleged specific acts related to a specific civil rights violation, merely alleging that such acts are in furtherance of a conspiracy without "plead[ing] specific facts" to support the "reasonable inference" that they are fails to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 557 (conspiracy allegations must raise "a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action."); *Goins v. City of Sansom Park*, 637 F. App'x 838, 839 n.2 (5th Cir. 2016) ("Goins failed to plead a necessary element of his conspiracy claim."). Consequently, Newberry fails to state a federal claim that may defeat the defense of prosecutorial immunity, and his individual capacity federal claims may be dismissed.

### B. "False Arrest and Imprisonment"

Although the Individual Defendants move to dismiss all claims, their motion does not address Newberry's claim for "False Arrest and Imprisonment." However, "[a]s a general rule, a district court may dismiss a complaint on its own for failure to state a claim." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006); *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984) (citing sister circuit cases). The district court may do so only if "the procedure

9

employed is fair." *Carroll*, 470 F.3d at 1177 (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). "[F]airness in this context requires both notice of the court's intention and an opportunity to respond." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)). Such notice and opportunity to respond is not required where "dismissal [is] without prejudice … [or] the [aggrieved] party has had the opportunity to allege its 'best case[.]'" *Davoodi*, 755 F.3d at 310 at n.1.

In his complaint, Newberry simply writes "False Arrest and Imprisonment" underneath "THIRD CAUSE OF ACTION" without including any additional language under that claim. The claim does not reference any specific acts and, accordingly, the Court cannot identify which defendants he alleges are liable for false arrest, assault and battery, or intentional infliction of emotional distress. Accordingly, this claim fails to give notice to the defendants in this action of "what they were alleged to have done and why they were liable for doing it." *Weiland*, 792 F.3d at 1324. This claim fails Rule 8(a)(2) and will be dismissed.[13] *See, e.g.*, *Pavilonis v. King*, 626 F.2d 1075, 1078 (1st Cir. 1980) (citation omitted) ("We have little difficulty upholding the district court's dismissal of the complaints. Although pro se complaints are to be read liberally, these complaints are so hopelessly general that they could give no notice of Pavilonis' claims.").

### C. Summary

Newberry's claims against the Individual Defendants will be dismissed for failure to state a claim. "Generally, a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx*, 136 F.3d at 1054; *see also Mitchell v. Beaubouef*, 581 F.2d 412, 416 (5th Cir. 1978) ("A dismissal of a pro se complaint for failure to state a cause of action should be without prejudice … so that the inmate may

---

[13] To the extent the complaint purports to assert claims beyond the three "causes of action" specifically pled, such claims fail for the same reason.

file an amended complaint within a reasonable time."). Accordingly, dismissal will be without prejudice to the filing of an amended complaint within fourteen days of this order.

V
**Conclusion**

For the reasons above:

1. The motion to dismiss by the State of Mississippi [9] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks dismissal for lack of subject matter jurisdiction but DENIED to the extent it seeks dismissal with prejudice;

2. The motion to dismiss by the Individual Defendants [4] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks dismissal but DENIED to the extent it seeks dismissal with prejudice;

3. The State of Mississippi is **DISMISSED** from this action;

4. All claims are **DISMISSED without prejudice** to the filing of an amended complaint against the Individual Defendants; and

5. Newberry has fourteen (14) days from the date of this order to file and serve an amended complaint that complies with Rule 8(a)(2) of the Federal Rules of Civil Procedure. Such complaint may not include any claims dismissed against the State of Mississippi.

**SO ORDERED**, this 17th day of March, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**