**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**WEISSINGER NEWBERRY, III**                                                                 **PLAINTIFF**

**V.**                                                                                   **NO. 3:16-CV-143-DMB-RP**

**JOHN W. CHAMPION, District Attorney**
**of Desoto County, Mississippi, et al.**                                                 **DEFENDANTS**

**ORDER**

Before the Court is John W. Champion and Patrick Steven Jubera's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c).  Doc. #26.

**I**
**Procedural Background**

On May 2, 2016, Weissinger Newberry, III filed a complaint against John W. Champion, Patrick Steven Jubera, and the State of Mississippi in the Circuit Court of Desoto County, Mississippi, alleging claims arising from his indictment, conviction, and imprisonment in 2012. Doc. #2.  The case was removed to this Court on June 24, 2016.  Doc. #1.

On June 27, 2016, Champion and Jubera filed a joint motion to dismiss.  Doc. #4.  The State filed a motion to dismiss on July 18, 2016.  Doc. #9.  On March 17, 2017, after both motions were fully briefed, the Court, granting each motion in part, dismissed the State and dismissed Newberry's claims against Champion and Jubera without prejudice.  Doc. #16.  The Court allowed Newberry fourteen days to file an amended complaint against Champion and Jubera that complied with Federal Rule of Civil Procedure 8(a)(2).  *Id*. at 11.

After receiving a requested extension of the fourteen-day time period, Newberry filed an amended complaint against Champion and Jubera on April 20, 2017.  Doc. #20.  Champion and Jubera answered the amended complaint on May 17, 2017.  Doc. #24.  On June 2, 2017, Champion

and Jubera moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(c). Doc. #26. Newberry did not respond.

## II
## Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "a party may move for judgment on the pleadings." A motion under Rule 12(c) is analyzed under the same standard as that for failure to state a claim under Rule 12(b)(6). *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015). In that regard, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may move to dismiss the claim for "failure to state a claim upon which relief can be granted" if the complaint falls short of the Rule 8 directive. Fed. R. Civ. P. 12(b)(6). In considering the interplay between Rule 8 and Rule 12, the United States Supreme Court has explained:

> To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and punctuation omitted). Under this standard, a "court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011) (internal quotation marks and alterations omitted).

## III
## Factual Allegations

On or about February 4, 2012, Newberry was indicted on charges of assault on a law

enforcement officer, possession of marijuana, possession of cocaine, and driving under the influence. Doc. #20 at ¶ 12. Champion and Jubera prosecuted Newberry for such crimes despite there being no evidence of any crime. *Id*. at ¶ 13. Champion and Jubera prosecuted Newberry in "bad faith" and "conspir[ed] together … to accomplish bad faith convictions by having [him] convicted of all charges" by conspiring with other law enforcement officials to create evidence to secure his indictment. *Id*. at ¶¶ 14–15, 19.1.

Newberry was sentenced "to terms of 2 days on the DUI count, six years on the possession of marijuana count, and thirty years on the possession of cocaine" count. *Id*. at ¶ 16. Newberry's convictions were overturned on direct appeal in August 2014, and he was acquitted of all charges at his May 2015 retrial. *Id*. at ¶ 17.

## IV
## Analysis

Newberry's amended complaint asserts claims for (1) injunctive relief; (2) violations of constitutional rights and federal civil rights; (3) intentional infliction of emotional distress; (4) civil assault and battery; (5) malicious prosecution; (6) false arrest and imprisonment; and (7) civil conspiracy. Doc. #20 at 4–7. Champion and Jubera have moved to dismiss all claims.

As mentioned above, Newberry failed to respond to the motion to dismiss. "[F]ailure to raise an argument in response to a motion to dismiss operates as a waiver of such argument." *Pratt v. Mut. of Omaha Ins. Co.*, No. 4:15-cv-9, 2016 WL 1248885, at *8 (N.D. Miss. Mar. 28, 2016). Accordingly, Newberry has waived any and all arguments opposing the motion to dismiss. Even if Newberry's arguments were not waived, his claims would still fail.

### A. Federal Claims

#### 1. Injunctive relief

Newberry seeks "an injunction prohibiting the Defendants from committing conduct of the

like, kind, character and nature as that demonstrated and described in [his] complaint at any time in the future within the jurisdiction of this Court as well as the Circuit Court of Desoto County, Mississippi." Doc. #20 at ¶ 21. Newberry, however, lacks Article III standing to request such relief.

"In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)). To satisfy the substantial likelihood requirement, a "plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Id.*

Newberry does not allege that there is a substantial likelihood that he will suffer future injury. Accordingly, he lacks standing to seek injunctive relief, and such a claim will be dismissed.

### 2. *Violations of due process*

Newberry alleges that Champion and Jubera "intentionally, recklessly, and with a wanton disregard for [his] rights, took actions to deprive [him] of his due process rights under federal laws." Doc. #20 at ¶ 23. A prosecutor is absolutely immune from an individual capacity civil suit under 42 U.S.C. § 1983 arising out of his performance of certain functions. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993); *Cousin v. Small*, 325 F.3d 627, 631–32 (5th Cir. 2003). These functions include "initiating the prosecution and in carrying the case through the judicial process." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994).

In his amended complaint, Newberry alleges that an indictment was filed against him, the defendants prosecuted him, he was convicted, and he was sentenced for each of the convictions. Doc. #20 at ¶¶ 12–16. Newberry further alleges that Champion and Jubera prosecuted him in bad

faith and conspired to have him convicted. *Id*. at ¶¶ 13–15. Newberry's claims with respect to being indicted, tried, convicted, and sentenced are all part of carrying the case through the judicial process, which falls squarely within the scope of absolute prosecutorial immunity.

However, in his amended complaint, Newberry alleges that Champion and Jubera "help[ed] … create evidence by conspiring with other law enforcement [officials], in the active investigation and manufacturing of the charges … used … to secure an indictment against [him]." Doc. #20 at ¶ 19.1. Construing the amended complaint liberally, Newberry alleges conduct by Champion and Jubera falling outside the actions "intimately associated with the judicial phase of the criminal process" that are afforded absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see Burge v. Parish of St. Tammany*, 187 F.3d 452, 478 (5th Cir. 1999) (prosecutor acting as investigator not entitled to absolute immunity).

Even if such investigatory conduct falls beyond the purview of prosecutorial immunity, "plaintiffs who invoke § 1983 must plead specific facts that, if proved, would overcome the individual defendant's immunity defense; complaints containing conclusory allegations, absent reference to material facts, will not survive motions to dismiss." *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). Newberry's amended complaint lacks any specific factual allegation concerning the roles of Champion and Jubera in the investigation of his case. Accordingly, Newberry's due process claims will be dismissed.

### 3. Claims arising under 42 U.S.C. § 1981

Newberry alleges that Champion and Jubera deprived him of constitutionally protected civil rights and privileges under 42 U.S.C. § 1981.[1] Doc. #20 at ¶ 2. In order to establish a claim

---

[1] 42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

under § 1981, Newberry must show that "(1) he is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Dunaway v. Cowboys Nightlife, Inc.*, 436 F. App'x 386, 390 (5th Cir. 2011).

Newberry fails to allege any of the three elements necessary to establish a claim under § 1981—he does not allege that he is a member of a racial minority, he does not allege any facts showing an intent by Champion and Jubera to discriminate against him based on race, and he does not allege that the conduct of Champion and Jubera implicated an activity protected by § 1981. Additionally, prosecutorial immunity renders Champion and Jubera immune from suit. Newberry's § 1981 claims will be dismissed.

### 4. Civil conspiracy

Newberry alleges that Champion and Jubera "entered into a civil conspiracy with each other to wrongfully conceal the most egregious form of criminal activity for the sole purpose of promoting their collective interests." Doc. #20 at ¶ 39. 42 U.S.C. § 1985 prohibits two or more people from conspiring to interfere with the civil rights of another.

> A plaintiff suing under [42 U.S.C. § 1985(3)] must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Angel v. La Joya Indep. Sch. Dist.*, No. 15-41099, 2017 WL 5900026, at *4 (5th Cir. Nov. 29, 2017).

Newberry fails to allege a conspiracy with any specificity, which, on its own, warrants dismissal of his conspiracy claims. *DeLeon v. City of Haltom City*, 106 F. App'x 909, 911 (5th Cir. 2004). Additionally, Newberry does not allege that the alleged conspiracy was motivated by a racial discriminatory animus. *See Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 271

(5th Cir. 2001) (affirming dismissal of § 1985(3) claim because plaintiff did not allege racial animus). Because Newberry has failed to allege a conspiracy based on racial animus with any specificity and because the defendants are entitled to prosecutorial immunity, his civil conspiracy claims will be dismissed.[2]

## B. State Law Claims

### 1. Intentional infliction of emotional distress

In the third count of his amended complaint, Newberry alleges that Champion and Jubera "intentionally, recklessly, and/or negligently inflicted extreme emotional distress upon [his] mind, spirit, and body by failing to provide [him] with a fair trial and by conducting such trial upon bad faith and with no evidence of guilt." Doc. #20 at ¶ 26. Prosecutorial immunity in Mississippi differs slightly from that afforded under federal law.

Immunity provided to prosecutors in Mississippi is governed by the Mississippi Tort Claims Act ("MTCA"). The MTCA provides:

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: … (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

Miss. Code Ann. § 11-46-9(1)(d). Mississippi courts have construed this provision to apply to the actions of prosecutors taken in the course and scope of their employment. *Stewart v. Dist. Attorney for Eighteenth Circuit Court Dist.*, 923 So.2d 1017, 1023–24 (Miss. Ct. App. 2005).

Mississippi courts implement a two-part "public-policy function" test to determine whether an act is discretionary. *Bell v. Miss. Dep't of Human Servs.*, 126 So.3d 999, 1004 (Miss. Ct. App. 2013). The first inquiry is whether the "activity in question involved an element of choice or

---

[2] Because a 42 U.S.C. § 1986 claim requires a valid § 1985 claim, Newberry's claim arising under § 1986 is also dismissed. *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000).

judgment." *Id*. If it did involve an element of judgment, the court then decides "whether that choice or judgment involved social, economic, or political-policy considerations." *Id*. Against this backdrop, prosecuting a criminal case is plainly a discretionary function of a district attorney's office—it involves an element of judgment and is grounded in policy considerations. *See Stewart*, 923 So.2d at 1023–24 (assistant district attorney afforded immunity for providing information contained in indictment so arrest could be made); *see also Burnett v. Pearl River Basin Narcotics Task Force*, No. 2:10-cv-267, 2011 WL 4036688, at *6–7 (S.D. Miss. Sept. 12, 2011) (seeking indictment is plainly "discretionary function" of district attorney's office) (applying Mississippi law). As such, Champion and Jubera are immune from Newberry's claims for infliction of emotional distress, and those claims will be dismissed.

## 2. Civil assault and battery

While Newberry alleges that Champion and Jubera are liable for civil assault and battery, his complaint states that he was "assaulted by Desoto County Jail staff," not Champion and Jubera. Doc. #20 at ¶ 19. Accordingly, he has failed to state a claim against Champion and Jubera for the alleged assault and battery. Further, Newberry fails to allege facts sufficient to establish a § 1983 claim for bystander liability because he has not alleged that Champion or Newberry was present at the time of the alleged assault. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) ("[bystander] liability will not attach where an officer is not present at the scene of the constitutional violation").

## 3. Malicious prosecution

Newberry alleges that the defendants "acted recklessly and with malice in instituting the proceedings without probable cause." Doc. #20 at ¶ 34. Although the MTCA does not provide

immunity for employee conduct that constitutes malice,[3] in his amended complaint, Newberry alleges malice in a conclusory fashion without any factual allegations. Such conclusory allegations cannot survive a motion to dismiss. *See Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Because Newberry failed to allege malice with any specificity, the conduct of Champion and Jubera is entitled to discretionary function immunity under the MTCA.

### 4. False arrest and imprisonment

Newberry alleges that the defendants "intentionally recklessly, and with a wanton disregard for [his] rights took action to falsely arrest and unlawfully detain and convict [him] upon malicious evidence." Doc. #20 at ¶ 36. Because, as discussed above, the defendants' conduct that gave rise to Newberry's arrest and imprisonment occurred as a result of their discretionary function within the scope of their employment, they are immune from suit under the MTCA.

### C. Official Capacity Claims

"The Eleventh Amendment bars suits by private citizens against a state in federal court." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). Because the district attorney's office is considered an arm of the state in the State of Mississippi, Newberry's claims against the defendants in their official capacity[4] are barred by the Eleventh Amendment. *Burnett v. Hinds Cty., Miss. ex rel. Bd. of Supervisors*, No. 3:14-cv-651, 2015 WL 5785562, at *2 (S.D. Miss. Sept. 11, 2015). Moreover, the defendants, in their official capacities, are not persons within the meaning of 42 U.S.C. § 1983. *Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) ("Neither a state nor a state official sued in an official capacity is a "person" under § 1983."). Because the defendants are

---

[3] *See* Miss. Code Ann. § 11-46-5(2).

[4] Newberry's complaint names Champion in his individual and official capacity and Jubera in his "individual and individual capacity." Doc. #20 at ¶ 1. The Court construes Newberry's amended complaint as asserting claims against Jubera in both his official and individual capacity.

entitled Eleventh Amendment immunity to the extent they are sued in their official capacities, Newberry's claims will be dismissed.

## V
## Conclusion

For the reasons above, the motion to dismiss [26] is **GRANTED** and Newberry's claims against Champion and Jubera are **DISMISSED with prejudice**.

**SO ORDERED**, this 7th day of March, 2018.

/s/Debra M. Brown\
**UNITED STATES DISTRICT JUDGE**